# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NIMITZ TECHNOLOGIES LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **CNET MEDIA, INC.,** <br><br> **Defendant.** | Case No. <br><br> **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nimitz Technologies LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant CNET Media, Inc., and in support states, all upon information and belief:

## PARTIES

1. Plaintiff Nimitz Technologies LLC is a limited liability company organized and existing under the laws of the State of Texas and having its office address at 3333 Preston Road STE 300, #1047, Frisco, TX 75034 ("Nimitz" or "Plaintiff").

2. Defendant CNET Media, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its registered office located at The Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, and provides the interactive service streamed as https://www.gamespot.com. ("CNET/GameSpot" or "Defendant"). The "Terms of Use" for Gamespot.com state:

    TERMS OF USE

    EFFECTIVE DATE October 30, 2020

> Welcome to the network of interactive services provided by CNET Media, Inc., its affiliates and its subsidiaries (collectively "us," or "we"). These Terms of Use, along with our Privacy Policy (collectively, this "Agreement") govern your use of the websites, Application (as defined herein), and other products and services offered by us or our affiliates that include an authorized link to these Terms of Use (collectively, the "Services").
>
> Please review these Terms of Use as well as our Privacy Policy carefully before using the Services because they affect your rights. By using any of the Services, you: accept this Agreement and agree to be legally bound by it; acknowledge that this Agreement is supported by reasonable and valuable consideration, including, without limitation, your ability to visit, use and/or submit information to our Services; and represent and warrant that you are of legal age and have sufficient capacity and authority to form a binding contract with us, on your own behalf or on behalf of any company or other entity for whom you may be acting. If you do not want to agree to the Agreement, or if you do not meet all of these requirements, you must not access or use the Services (including by installation or use of the Application).
>
> THIS AGREEMENT CONTAINS A BINDING ARBITRATION AGREEMENT, WHICH PROVIDES THAT YOU AND WE AGREE TO RESOLVE CERTAIN DISPUTES THROUGH BINDING INDIVIDUAL ARBITRATION AND GIVE UP ANY RIGHT TO HAVE THOSE DISPUTES DECIDED BY A JUDGE OR A JURY. YOU HAVE THE RIGHT TO OPT OUT OF OUR AGREEMENT TO ARBITRATE. SEE THE "LEGAL DISPUTES" SECTION OF THIS AGREEMENT.

(https://www.redventures.com/legal/cmg-terms-of-use) (CNET Media, Inc. is a division of Red Ventures, LLC, a limited liability company existing under the laws of the State of North Carolina).

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 271.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      This Court has personal jurisdiction over Defendant at least because Defendant is a corporation organized under the laws of the State of Delaware.

5.  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b) because Defendant is deemed to be a resident of this District.

**PATENT 7,848,328**

6.  U.S. Patent No. 7,848,328, entitled "Broadcast Content Encapsulation" (the "'328 Patent") was duly and legally issued on December 7, 2010. A true and correct copy of the '328 Patent is attached as Exhibit 1.

7.  The Patent disclosed and exemplified a unique and valuable system and method for delivering multiple versions of content which are mapped to streams carrying data for those multiple versions. The data streams are encapsulated into User Datagram Protocol (UDP) packets; the UDP destination port fields of the packets are given component-identifying values. A user equipment (UE) receiving the transmitted service identifies desired components based on the UDP destination port field values. The UE further encapsulates desired component UDP packets into Internet Protocol (IP) packets, and may assign component-identifying values to fields of the IP packets (e.g., the IP source address and/or IP destination address).

8.  Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '328 Patent.

9.  The method claims of the '328 Patent were allowed by the United States Patent and Trademark Office based on the Office's determination that the method claims included mapping that

> comprises assigning a specific value to each component for a predefined field of a packet according to a second communication protocol, the specific value distinguishing the component from other components, and the encapsulating comprises encapsulating the packet streams according to one or more lower layer protocols without encapsulating the packet streams according to the second communication protocol.

(Notice of Allowability).

10. All the claims differed from the closest prior art, Arad et al. US Pat. 7,590,991, Balakrishnan et al. US Pat. 7,227,899, Poli et al. US Pat Appln. 2005/0122976, Anschutz et al. US Pat. Appln. 2004/0230695 and Rakib, Selim Shlomo US Pat. 6,970, 127, all of which disclosed conventional communication systems, either singularly or in combination, and, thus, failed to anticipate or render the above features obvious. (Notice of Allowability).

11. The method claims are patent eligible under 35 U.S.C. § 101. The claims are not abstract. As reflected in the Notice of Allowance, the claims are directed to a novel improvement that, unlike conventional art, comprises assigning a specific value to each component for a predefined field of a packet according to a second communication protocol, with the specific value distinguishing the component from other components, and the encapsulating comprises encapsulating the packet streams according to one or more lower layer protocols without encapsulating the packet streams according to the second communication protocol.

12. Thus, the '328 Patent claims focus on specific improvements in computer capabilities as opposed to an invention that simply uses computers as a tool. The focus of the claimed advance is on a solution to a technological problem arising in computer operations and provides a specific improvement in computer capabilities or functionality, rather than only claiming a desirable result or function.

13. Further, Claim 1 and its dependent claims, individually and as an ordered combination, recite an inventive concept, which is manifestly more than the application of an abstract idea using well-understood, routine, and conventional activities previously known to the industry. As stated by the Examiner, prior to the present invention, there was no prior art disclosing a system and method for encapsulating data streams, and particularly where the data

streams related to a specific content that is mapped to components of a transmission service that delivers multiple versions of that specific content.  Such content may include audio data, video data and/or other types of data, some or all of which may be any combination of real-time and non-real-time data. For example, versions of the content may vary based on a CODEC used to encode media for the content, based on transmission parameters (e.g., bit rate) for a data stream providing such media, based on a language for subtitles or other text associated with the specific content, based on other types of data associated with the content, etc.  The data stream for each component is encapsulated into packets according to a communication protocol such as, e.g., User Datagram Protocol (UDP). A common field of each packet header, which in some embodiments is the UDP destination port field, is given a value identifying the corresponding component. A user equipment (UE) receiving a transmission of the service identifies desired components based on the common field value.

**COUNT I – INFRINGEMENT OF THE '328 PATENT**

14. Plaintiff restates and incorporates by reference the foregoing allegations.

15. In violation of 35 U.S.C. § 271(a), CNET/GameSpot has practiced and continues to practice the method of at least Claim 1 of the '328 Patent by streaming the content as https://www.gamespot.com ("Accused Instrumentality").

16. Attached hereto as Exhibit 2, and incorporated herein by reference, is a claim chart detailing why the Accused Instrumentality infringes at least method Claim 1.

17. As a result of Defendant's infringement of the '328 Patent, Plaintiff has suffered damages.

18. Nimitz is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

19. Only method claims of the '328 Patent are being asserted, and, thus, patent marking is not an issue. In any event, Nimitz has not commercialized any products under the '328 Patent and has no information that any prior owners of the Patent have not complied with patent marking requirements.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Plaintiff Nimitz Technologies LLC respectfully requests that the Court find in its favor and against Defendant CNET Media, Inc., and that the Court grant Plaintiff the following relief:

A. an adjudication that Defendant had infringed the '328 Patent;

B. an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '328 Patent, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

C. any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

Dated: August 30, 2021                    Respectfully submitted by:

*/s/ George Pazuniak*
George Pazuniak (#478)
O'Kelly & O'Rourke, LLC
824 N. Market Street
Suite 1001A
Wilmington, DE 19801
(302) 478-4230
gp@del-iplaw.com

*Attorney for Plaintiff Nimitz Technologies LLC*
