**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NIMITZ TECHNOLOGIES LLC, | |
| Plaintiff, | C.A. No. 1:21-cv-01247-CFC |
| v. | |
| CNET MEDIA, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT CNET MEDIA, INC.'S ANSWER, AFFIRMATIVE**
**DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant CNET Media, Inc. ("CNET") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Nimitz Technologies LLC's ("Plaintiff's") Complaint ("Complaint"). CNET denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

1.      CNET is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      CNET admits that it is a corporation organized and existing under the laws of Delaware with a registered agent at The Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, and has a website at https://www.gamespot.com. CNET denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. CNET denies any remaining allegations in Paragraph 2 of the Complaint.

---

[1] To avoid doubt, CNET denies liability for any allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

**JURISDICTION AND VENUE**

3.      CNET admits the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code. CNET admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent. CNET denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. CNET denies any remaining allegations in Paragraph 3 of the Complaint.

4.      CNET does not contest whether this District has personal jurisdiction over it in this case, but CNET denies it has committed or is committing acts of infringement in this District or anywhere else. CNET admits that it is incorporated in Delaware. CNET denies any remaining allegations in Paragraph 4 of the Complaint.

5.      CNET does not contest that venue may be proper in this District in this case, but denies that venue is convenient in this case. CNET admits that it is incorporated in Delaware. CNET denies that it has committed or is committing acts of infringement in this District or anywhere else. CNET denies any remaining allegations in Paragraph 5 of the Complaint.

**PATENT 7,848,328**

6.      CNET admits that a purported copy of U.S. Patent No. 7,848,328 (the "'328 Patent") is attached to the Complaint as Exhibit 1 and that the face of the '291 Patent indicates that it is titled "Broadcast Content Encapsulation," and issued on December 7, 2010. CNET denies any remaining allegations in Paragraph 6 of the Complaint.

7.      CNET admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. CNET denies any remaining allegations in Paragraph 7 of the Complaint.

8.      CNET is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

2

9.      CNET admits that the '328 Patent speaks for itself, but denies any characterizations inconsistent therewith. CNET denies any remaining allegations in Paragraph 9 of the Complaint.

10.     CNET denies the allegations in Paragraph 10 of the Complaint.

11.     CNET denies the allegations in Paragraph 11 of the Complaint.

12.     CNET denies the allegations in Paragraph 12 of the Complaint.

13.     CNET denies the allegations in Paragraph 13 of the Complaint.

**COUNT I – [ALLEGED] INFRINGEMENT OF THE '328 PATENT**

14.     CNET incorporates by reference paragraphs 1–13 above.

15.     CNET denies the allegations in Paragraph 15 of the Complaint.

16.     CNET denies the allegations in Paragraph 16 of the Complaint.

17.     CNET denies the allegations in Paragraph 17 of the Complaint.

18.     CNET denies the allegations in Paragraph 18 of the Complaint.

19.     CNET is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

**JURY DEMAND**

CNET is not required to respond to Plaintiff's demand for a jury trial.

**PRAYER FOR RELIEF**

To the extent that a response is required to Plaintiff's prayer for relief, CNET denies that Plaintiff is entitled to any judgment against CNET and/or an order granting relief in any of the forms requested in parts A–C.

**AFFIRMATIVE DEFENSES**

CNET's Affirmative Defenses are listed below. CNET reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## I.     FIRST AFFIRMATIVE DEFENSE

CNET has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent Nos. 7,848,328 (the "'328 Patent").

## II.     SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '328 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## III.     THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff, any predecessors in interest, or any licensees to the '328 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that CNET's actions allegedly infringe the '328 Patent, CNET is not liable to Plaintiff for the acts alleged to have been performed before CNET received actual notice that it was allegedly infringing the '328 Patent.

## IV.     FOURTH AFFIRMATIVE DEFENSE

The claims of the '328 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by CNET.

## V.     FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that CNET infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the '328 Patent.

## VI.   <u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the '328 Patent does not claim patent-eligible subject matter under 35 U.S.C. § 101.

## VII.   <u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff is precluded from recovering its reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## VIII.   <u>EIGHTH AFFIRMATIVE DEFENSE</u>

Should CNET be found to infringe any valid, enforceable claim of the '328 Patent, such infringement was not willful.

<u>**CNET'S COUNTERCLAIMS**</u>

For its counterclaims against Counterclaim Defendant Nimitz Technologies LLC ("Counterclaim Defendant"), Counterclaim Plaintiff CNET Media, Inc. ("CNET") alleges as follows:

## I.        <u>PARTIES</u>

1.        CNET is a corporation organized and existing under the laws of the State of Delaware with a place of business at 1423 Red Ventures Dr., Fort Mill, SC 29707.

2.        Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Counterclaim Defendant, Counterclaim Defendant is a Texas limited liability corporation having an address at 3333 Preston Road STE 300, #1047, Frisco, TX 75034.

## II.        <u>JURISDICTION</u>

3.        CNET incorporates by reference Paragraphs 1–2 above.

4.        These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.        Based solely on Counterclaim Defendant's filing of this action, Counterclaim Defendant has consented to the personal jurisdiction of this Court.

6.        Based solely on Counterclaim Defendant's filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## III.        <u>COUNT I: DECLARATION REGARDING NON-INFRINGEMENT</u>

7.        CNET incorporates by reference Paragraphs 1–6 above.

8.        Based on Counterclaim Defendant's filing of this action and at least CNET's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether CNET infringes U.S. Patent No. 7,848,328 (the "'328 Patent").

9.      CNET does not infringe at least Claim 1 of the '328 Patent because, *inter alia*, the "Accused Instrumentality" does not perform the steps of: (1) "mapping, with at least one processor, each of a plurality of data streams related to a specific content to a different component of a service delivering multiple versions of the specific content"; (2) "encapsulating each data stream of the plurality into a stream of packets according to a first communication protocol, wherein, as to each of the packet streams, the packets have a value in a common field identifying the component mapped to the data stream encapsulated by the packet stream"; or (3) "forwarding the packet streams for transmission in a transmission channel, and wherein the mapping further comprises assigning a specific value to each component for a predefined field of a packet according to a second communication protocol, the specific value distinguishing the component from other components, and the encapsulating comprises encapsulating the packet streams according to one or more lower layer protocols without encapsulating the packet streams according to the second communication protocol."

10.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CNET requests a declaration by the Court that CNET has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any claim of the '328 Patent.

## IV.      COUNT II: DECLARATION REGARDING INVALIDITY

11.      CNET incorporates by reference Paragraphs 1–10 above.

12.      Based on the filing of this action and at least CNET's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '328 Patent.

13.      The claims of the '328 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent No. 7,936,818; and/or U.S. Patent Publ'n No. 2003/0233464; 2008/0285497.

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, CNET requests a declaration by the Court that the claims of the '328 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### V.     <u>PRAYER FOR RELIEF</u>

WHEREFORE, CNET asks this Court to enter judgment in CNET's favor and against Counterclaim Defendant by granting the following relief:

a)      a declaration that CNET does not infringe any valid claim of the '328 Patent that may be enforceable;

b)      a declaration that the '328 Patent is invalid;

c)      a declaration that Counterclaim Defendant take nothing by its Complaint;

d)      judgment against Counterclaim Defendant and in favor of CNET;

e)      dismissal of the Complaint with prejudice;

f)      a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to CNET of its costs and attorneys' fees incurred in this action; and

g)      further relief as the Court may deem just and proper.

### VI.     <u>JURY DEMAND</u>

CNET hereby demands trial by jury on all issues.

Dated: September 21, 2021                    FISH & RICHARDSON P.C.


By: */s/ Jeremy D. Anderson*
      Jeremy D. Anderson (#4515)
      222 Delaware Ave., 17th Floor
      P.O. Box 1114
      Wilmington, DE 19801
      (302) 652-5070 (Telephone)
      janderson@fr.com

      Neil J. McNabnay
      Lance E. Wyatt
      1717 Main Street, Suite 5000
      Dallas, TX 75201
      (214) 747-5070 (Telephone)
      mcnabnay@fr.com
      wyatt@fr.com

      **ATTORNEYS FOR DEFENDANT**
      **CNET MEDIA, INC.**