IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NIMITZ TECHNOLOGIES LLC,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | Civ. No. 21-1247-CFC |
| ) | |
| CNET MEDIA, INC.,           ) | |
| ) | |
| Defendant.           ) | |

| | |
|---|---|
| NIMITZ TECHNOLOGIES LLC,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | Civ. No. 21-1362-CFC |
| ) | |
| BUZZFEED, INC.,           ) | |
| ) | |
| Defendant.           ) | |

| | |
|---|---|
| NIMITZ TECHNOLOGIES LLC,           ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.           ) | Civ. No. 21-1855-CFC |
| ) | |
| IMAGINE LEARNING, INC.,           ) | |
| ) | |
| Defendant.           ) | |

| NIMITZ TECHNOLOGIES LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 22-413-CFC |
| BLOOMBERG L.P., | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM ORDER

Nimitz has filed a Motion to Withdraw the Court's Memorandum of November 30, 2022. D.I. 34 (1:21-cv-01247-CFC); D.I. 28 (1:21-cv-01362-CFC); D.I. 29 (1:21-cv-01855-CFC); D.I. 25 (1:22-cv-00413-CFC). The motion is devoid of merit, and I will therefore summarily deny it.

I will, however, address two matters raised in Nimitz's brief filed in support of the withdrawal motion because those matters have also been raised in related actions.

First, Nimitz seems to be arguing that the Disclosure Order does not cover limited liability companies (LLCs) because the Order refers to "limited liability corporations." Courts, however, including the United States Supreme Court and the Federal Circuit, routinely refer to limited liability companies as "limited liability corporations." See, e.g., *Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014) (calling Delaware limited liability company a "limited liability

2

corporation"); *Stone Strong, LLC v. Del Zotto Prod. of Fla., Inc.*, 455 F. App'x 964, 965 (Fed. Cir. 2011) (calling Nebraska limited liability company a "limited liability corporation"); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (calling Michigan limited liability company a "limited liability corporation"); *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1335 (Fed. Cir. 2013) (calling Texas limited liability company a "limited liability corporation"); *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1400 (Fed. Cir. 2004) (calling Texas limited liability company a "limited liability corporation"). The last four Chief Judges of this Court all referred to limited liability companies as "limited liability corporations." *See, e.g., Polak v. Kobayashi*, 2005 WL 8177565, at *3 (D. Del. Sept. 1, 2005) (Farnan, J.); *1st Source Bank v. Merritt*, 759 F. Supp. 2d 505, 509 (D. Del. 2011) (Robinson, J.); *Leor v. Gil*, 2016 WL 1718222, at *1 (D. Del. Apr. 27, 2016) (Sleet, J.); *United States v. Veolia Environnement N. Am. Operations, Inc.*, 2013 WL 5779653, at *1 (D. Del. Oct. 25, 2013) (Stark, J.). And the Delaware Supreme Court and the Delaware Court of Chancery have referred to Delaware limited liability companies as limited liability corporations. *See, e.g., RAA Mgmt., LLC v. Savage Sports Holdings, Inc.*, 45 A.3d 107, 110 (Del. 2012) (referring to Delaware limited liability company as a "limited liability corporation"); *Fortis Advisors LLC v.*

3

*Dialog Semiconductor PLC*, 2015 WL 401371, at *1 (Del. Ch. Jan. 30, 2015) (same).

That courts use "company" and "corporation" interchangeably makes sense because the terms are synonyms. *See* BLACK'S LAW DICTIONARY 350 (11th ed. 2019) (defining "company" as "[a] corporation—or, less commonly, an association, partnership, or union—that carries on a commercial or industrial enterprise").

Second, although Nimitz has not filed a motion for my recusal, it argues in its "withdrawal motion" briefing that I should recuse myself because my impartiality might reasonably be questioned. D.I. 35 at 20 (21-1247 action); D.I. 29 at 20 (21-1362 action); D.I. 30 at 20 (21-1855 action); D.I. 26 at 20 (22-413 action). Nimitz raised this same accusation in the briefing it filed in support of the Petition for a Writ of Mandamus the Federal Circuit denied last week. *In re Nimitz Techs. LLC*, No. 2023-103, D.I. 41 at 15–16 (Fed. Cir. Dec. 2, 2022).

Nimitz argues that my impartiality is subject to doubt because "[t]he Court has already publicly adjudged Nimitz and its counsel guilty of fraud and unethical conduct." D.I. 35 at 20 (21-1247 action); D.I. 29 at 20 (21-1362 action); D.I. 30 at 20 (21-1855 action); D.I. 26 at 20 (22-413 action). But, on the contrary, as I stated in my November 30 Memorandum: "I purposely did not repeat in the

4

[November 10] Memorandum Order [compelling the production of certain documents] my concerns about counsel's professionalism and potential role in the abuse of the Court because I have made no definitive conclusions about those issues, and I did not want to unnecessarily embarrass counsel." D.I. 32 at 2 (21-1247 action); D.I. 26 at 2 (21-1362 action); D.I. 27 at 2 (21-1855 action); D.I. 23 at 2 (22-413 action).

NOW THEREFORE, at Wilmington on this Fourteenth day of December in 2022, Nimitz's Motion to Withdraw the Court's Memorandum of November 30, 2022 (D.I. 34 (21-1247 action); D.I. 28 (21-1362 action); D.I. 29 (21-1855 action); D.I. 25 (22-413 action)) is DENIED.

_____
CHIEF JUDGE